167 P.3d 1225 (2007)
STATE of Washington, Respondent,
v.
Sean Paul SCHWAB, Appellant.
In re Personal Restraint of Sean Paul Schwab, Petitioner.
No. 34907-8-II, 34093-3-II.
Court of Appeals of Washington, Division 2.
October 2, 2007.
*1226 Kathryn A. Russell Selk, Russell Selk Law Office, Seattle, WA, for Appellant.
Sean Schwab, Tacoma, WA, Appearing Pro Se.
Kathleen Proctor, Pierce County Prosecuting Atty Ofc, P. Grace Kingman, Attorney at Law, Tacoma, WA, for Respondent.
QUINN-BRINTNALL, J.
¶ 1 This case involves a rare occurrence, the attempted withdrawal of a not guilty by reason of insanity plea entered under former RCW 10.77.060 (2000). On May 4, 2004, Sean Paul Schwab entered a plea of not guilty by reason of insanity to the charge that he committed first degree assault with a deadly weapon. On July 29, 2005, well over a year later, Schwab petitioned the court to withdraw his plea, arguing that the court and his attorney failed to inform him that he faced a maximum penalty of life in Western State Hospital. RCW 10.73.090 bars defendants from challenging a judgment and sentence in a criminal case more than one year *1227 after it has become final, but the trial court appointed new counsel and allowed Schwab to proceed with the motion. The court ruled that Schwab's not guilty by reason of insanity plea was voluntary.
¶ 2 Schwab appeals and files a personal restraint petition (PRP) with this court, which we consolidated. Our review in the direct appeal is limited to the validity of the trial court's denial of Schwab's CrR 7.8 motion.[1] Specifically, we must decide whether (1) Schwab's collateral attack on his judgment was timely; (2) Schwab's plea agreement was voluntary; (3) his counsel was ineffective; and (4) the issues raised in the statement of additional grounds for review (SAG) or PRP warrant reversal. We hold that Schwab's collateral attack was timely because he did not receive notice of the time bar as RCW 10.73.110 and .120 require, but that his motion to withdraw his plea fails on the merits because his counsel was not ineffective and the trial court clearly informed him when he entered his not guilty by reason of insanity plea of the maximum confinement he faced. We affirm the trial court's denial of Schwab's motion to withdraw the not guilty by reason of insanity plea and deny his PRP.

ANALYSIS
Timeliness
¶ 3 As he did below during his CrR 7.8 motion, on direct appeal Schwab asserts that his plea of not guilty by reason of insanity was not knowing, intelligent, and voluntary because it was based on a misunderstanding of the direct sentencing consequences of the plea. He claims that the trial court could properly decide the issue more than a year after the judgment was final because (1) neither the trial court nor the Department of Corrections (DOC) informed him of the one-year time limit for collateral attack or (2) the doctrine of equitable tolling applies. We agree that the trial court's failure to inform Schwab of the one-year limit for collateral attacks, as RCW 10.73.110 requires, relieved him of the one-year time bar under RCW 10.73.090.
¶ 4 Generally, no collateral attack on a judgment and sentence may be filed more than a year after the judgment is final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction. RCW 10.73.090(1).[2] The defendant bears the burden to prove that an exception to the RCW 10.73.090 statute of limitations applies. Shumway v. Payne, 136 Wash.2d 383, 400, 964 P.2d 349 (1998). Courts do not have discretion to waive or alter the limitation period in RCW 10.73.090 because the time limit is written in mandatory terms and is a constitutionally valid means of controlling the flow of post-conviction collateral relief petitions, which "undermines the principles of finality of litigation, degrades the prominence of the trial, and sometimes costs society the right to punish admitted offenders." Payne, 136 Wash.2d at 398-99, 964 P.2d 349 (quoting In re Pers. Restraint of Cook, 114 Wash.2d 802, 809, 792 P.2d 506 (1990)).
*1228 ¶ 5 It is undisputed that Schwab's CrR 7.8 motion[3] was a collateral attack subject to the one-year time limit in RCW 10.73.090. See CrR 7.8 (explicitly limiting motions that do not comply with RCW 10.73.090's time limit). And it is undisputed that Schwab first asked the trial court to allow him to withdraw his plea on July 29, 2005, over a year after judgment was finalized on May 4, 2004. Thus, unless an exception applies, Schwab's motion was untimely.
¶ 6 We review findings of fact for substantial evidence and conclusions of law de novo. State v. Levy, 156 Wash.2d 709, 733, 132 P.3d 1076 (2006). Here, the trial court found that it had implicitly extended Schwab's motion to extend the time permitted for relief from judgment pursuant to CrR 7.8 when it granted Schwab's motion for independent counsel. And the court concluded that "[t]he one year [t]ime limit for relief of judgment does not apply." Clerk's Papers (CP) at 135. The facts are not in dispute and so we review de novo whether the trial court had legal authority to extend the time limit.
¶ 7 Schwab invokes the notice exception to the RCW 10.73.090(1) time bar. When a statute requires that a court or DOC notify a defendant of a time bar and the notice is not given, this omission creates an exemption to the time bar and a court, therefore, must treat the defendant's petition for collateral review as timely. In re Pers. Restraint of Vega, 118 Wash.2d 449, 450-51, 823 P.2d 1111 (1992) (applying rule to RCW 10.73.120); State v. Golden, 112 Wash.App. 68, 78, 47 P.3d 587 (2002) (apply Vega rule to RCW 10.73.110), review denied, 148 Wash.2d 1005, 60 P.3d 1212 (2003). Under RCW 10.73.110, the trial court must advise a defendant of the one-year statute of limitations when it pronounces judgment and sentence. And under RCW 10.73.120, the DOC must make a good faith effort to advise defendants of the one-year time limit.[4] There is no evidence in our record showing that the trial court or DOC notified Schwab that he had only one year to collaterally attack the judgment. Thus, Schwab did not receive the notice that RCW 10.73.110 and .120 require and his CrR 7.8 motion must be deemed timely.
¶ 8 The State argues that Schwab received actual notice and, therefore, the one-year time limit applies. It cites Vega, 118 Wash.2d at 451, 823 P.2d 1111, for the proposition that if a defendant received actual notice of the time limit, failure to comply with RCW 10. 73.110 and .120 does not exempt the time limit. We note initially that actual notice was not given in Vega and, therefore, the reference that "[h]ad there been actual notification or even attempted notification, the petition would have been properly denied" is mere dicta. 118 Wash.2d at 451, 823 P.2d 1111.
¶ 9 Without deciding the issue of whether actual notice exempts compliance with RCW 10.73.090(1), we hold that the record before us does not contain facts sufficient to hold that Schwab received actual notice sufficient to satisfy the statutory notice provisions. Schwab's attorney, Jean O'Loughlin, declared: "I . . . met with Mr. Schwab and informed him that I saw no legal basis for vacating the judgment, and I stressed the importance of him bringing any motions before May 4, 2005, (one year of entry of the judgment entered in his case)." CP at 124. *1229 Schwab argues that this declaration is selfserving and does not state the date on which this conversation took place. There is, however, no indication that O'Loughlin perjured herself in the declaration and the conversation probably took place sometime before May 4, 2005.
¶ 10 But it is impossible to discern when O'Loughlin notified Schwab of the statute's time bar. By statute, the trial court is required to notify a defendant at sentencing that he must file any collateral attack within a year. RCW 10.73.110. If the court gave this notice, Schwab would have had one year in which to prepare his collateral attack. By contrast, O'Loughlin's declaration does not indicate that Schwab received notice shortly after sentencing; and it is possible that she notified him only a month or a day before expiration of the one-year deadline. Such tardy notice is legally insufficient to bar Schwab's collateral attack. We, therefore, hold that the trial court did not err when it deemed Schwab's, petition timely, as we may affirm a trial court ruling on any ground that the record supports. State v. Huynh, 107 Wash.App. 68, 74, 26 P.3d 290 (2001).
Motion to Withdraw Plea
¶ 11 We now address the merits of Schwab's motion to withdraw his plea. We hold that the trial court properly dismissed Schwab's CrR 7.8 motion.
¶ 12 Schwab made only one argument to support his motion to withdraw his plea, that he was not advised of the maximum term of confinement at Western State Hospital if he entered the plea agreement. See State v. Brasel, 28 Wash.App. 303, 313, 623 P.2d 696 (1981) (holding that due process requires that a defendant entering a plea of not guilty by reason of insanity understand that, if the plea is accepted, he could be committed to a state hospital for the criminally insane for a term up to the maximum possible penalty for the offense charged). The record belies this claim.
¶ 13 Schwab's attorney, Michael Kawamura, told the trial court, "I've advised [Schwab] that he can  the result of [the plea], if the Court accepts it, would be that he can be held for the statutory period of the offense which is life imprisonment." Report of Proceedings (RP) (May 4, 2004) at 5. And the trial court discussed this aspect of the plea with Schwab:
THE COURT: And as Mr. Kawamura indicated, the potential, of course, is that you could be committed for the statutory period which would be up to life in prison, but he said that the doctors and the evaluators have indicated that it's quite possible that with proper medication and treatment that you might not, in fact, be committed for the rest of your life.
[SCHWAB]: Yes. Yes.
RP (May 4, 2004) at 9. There is no indication that Schwab did not understand. At this point in the proceedings, Schwab spoke rationally and politely. And Schwab's counsel asserted that his client was reluctant to pursue the plea because of the life term, demonstrating Schwab's subjective understanding of the possible length of his confinement. Schwab's only argument to the trial court was unsupported by the record of the hearing at which he entered a plea of not guilty by reason of insanity. Therefore, the trial court did not err when it denied Schwab's motion to withdraw his plea.
¶ 14 For the first time on appeal, Schwab alleges numerous additional errors with his insanity plea. But this appeal is from the 2006 hearing on his CrR 7.8 motion to withdraw his plea, not from the 2004 hearing at which he entered a plea of not guilty by reason of insanity. An exception exists for "manifest" errors affecting constitutional rights, for which the defendant must identify a constitutional error and show actual prejudice. RAP 2.5(a)(3); State v. McFarland, 127 Wash.2d 322, 332-33, 899 P.2d 1251 (1995). Schwab fails to demonstrate errors of constitutional magnitude prejudiced him at the hearing on his CrR 7.8 motion.[5]
*1230 Assistance of Counsel
¶ 15 Schwab asserts that he received ineffective assistance of counsel during his CrR 7.8 motion. To prevail on his claim of ineffective assistance of counsel, Schwab must overcome the presumption of effective representation and demonstrate that (1) his lawyers' performance was deficient and (2) there is a reasonable probability that the deficient performance prejudiced his defense.[6]State v. Hendrickson, 129 Wash.2d 61, 77-78, 917 P.2d 563 (1996) (citing Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).
¶ 16 Schwab asserts that his counsel was ineffective during the CrR 7.8 proceedings for not raising additional arguments challenging the voluntariness of his insanity plea. Specifically: (1) Schwab pleaded to a firearm enhancement but the State charged him with a deadly weapon enhancement; (2) the trial court did not explain to Schwab all the rights he waived in entering the plea; and (3) Schwab's counsel who helped him enter the plea was ineffective. But Schwab does not contend that he raised these issues with counsel. Moreover, Schwab has not demonstrated that it was likely that he could prevail if he had raised these arguments.
¶ 17 First, although the plea agreement erroneously mentions a firearm enhancement, the trial court properly found Schwab not guilty of a deadly weapon enhancement and the enhancement did not apply to the term of confinement for his insanity-based acquittal. As to the second and third claims, we see no evidence in the record, and Schwab does not point to any, showing that the trial court failed to inform him of the rights he waived by asking the court to acquit him on the ground that he was insane and required treatment.[7] Counsel is not ineffective for failing to raise meritless arguments Schwab did not request.
Additional Grounds
¶ 18 Schwab also filed a SAG[8] with his direct appeal, asserting that (1) he wants to withdraw his not guilty by reason of insanity plea because he did not enter it knowing all the rights he was waiving or his maximum term of confinement at Western State Hospital; (2) he assaulted his mother with a knife, not a firearm, as the plea agreement incorrectly indicates; (3) his attorney did not inform him of the plea's consequences; (4) he is not mentally ill; (5) the police reports were wrong (Schwab claims he stabbed his mother once, not three times); (6) the proper charge for his offense was second degree assault, not first degree assault; (7) he would rather be confined to prison than Western State Hospital; (8) he does not want forced medications or blood draws for mental illness treatment; and (9) the staff at Western State Hospital are poisoning him and creating a risk of human immunodeficiency virus (HIV) transmission by using dirty needles.
*1231 ¶ 19 We addressed issues one through three above. Issues four through seven are not properly before us in the direct appeal. Those issues discuss the validity of the underlying judgment and sentence, which Schwab did not appeal. Our review in this appeal is limited to the CrR 7.8 hearing. State v. Gaut, 111 Wash.App. 875, 46 P.3d 832 (2002) (issues focus on identifying unappealed judgment was not raised in appeal from denial of motion to withdraw guilty plea).
¶ 20 Issues eight and nine challenge whether Western State Hospital can force Schwab to take medications or submit to blood draws and whether the hospital is following sound medical protocol. These issues were not raised below and are not a part of the direct appeal from the denial of his CrR 7.8 motion, and, therefore, we cannot address them through Schwab's direct appeal.[9]
¶ 21 Schwab also filed a PRP in which he reasserts that his trial counsel was ineffective in helping him enter his guilty plea. We note that Schwab's PRP is timely for the reasons discussed above. To obtain relief on collateral review based on a constitutional error, the petitioner must demonstrate by a preponderance of the evidence that he was actually and substantially prejudiced by the error. In re Pers. Restraint of Davis, 152 Wash.2d 647, 671-72, 101 P.3d 1 (2004). Because Schwab merely repeats arguments raised in his direct appeal and does not attach additional evidence to support his claim, we deny his PRP.
¶ 22 We affirm.
We concur: BRIDGEWATER, P.J., and HUNT, J.
NOTES
[1] Schwab did not file a timely direct appeal of his insanity acquittal and confinement to Western State Hospital. RAP 5.2(a).
[2] RCW 10.73.090 reads:

(1) No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.
(2) For the purposes of this section, "collateral attack" means any form of postconviction relief other than a direct appeal. "Collateral attack" includes, but is not limited to, a personal restraint petition, a habeas corpus petition, a motion to vacate judgment, a motion to withdraw guilty plea, a motion for a new trial, and a motion to arrest judgment.
(3) For the purposes of this section, a judgment becomes final on the last of the following dates:
(a) The date it is filed with the clerk of the trial court;
(b) The date that an appellate court issues its mandate disposing of a timely direct appeal from the conviction; or
(c) The date that the United States Supreme Court denies a timely petition for certiorari to review a decision affirming the conviction on direct appeal. The filing of a motion to reconsider denial of certiorari does not prevent a judgment from becoming final.
[3] CrR 7.8 reads in relevant part:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party from a final judgment, order, or proceeding for the following reasons:
. . . .
(5) Any other reason justifying relief from the operation of the judgment.
The motion shall be made within a reasonable time and for reasons (1) and (2) not more than 1 year after the judgment, order, or proceeding was entered or taken, and is further subject to RCW 10. 73.090,.100,.130, and .140. A motion under section (b) does not affect the finality of the judgment or suspend its operation.
(Emphasis added.)
[4] Contrast In re Pers. Restraint of Well, 133 Wash.2d 433, 443, 946 P.2d 750 (1997) (this notice provision does not apply to defendants who plead not guilty by reason of insanity and are committed to Western State Hospital) with In re Pers. Restraint of Bratz, 101 Wash.App. 662, 671, 5 P.3d 759 (2000) (the exclusion of those confined to Western State Hospital violates equal protection and so notice is required).
[5] The only issue that potentially rose to the level of constitutional error, reviewable for the first time on appeal, is that the plea agreement involves an uncharged firearm enhancement. The State charged a deadly weapon enhancement. But the trial court acquitted Schwab of "Assault in the First Degree-Domestic Violence, with a deadly weapon sentence enhancement" and committed him to Western State Hospital for the maximum sentence for first degree assault without adding an enhanced sentence. CP at 49 (emphasis added). The duration of possible confinement on a finding of not guilty by reason of insanity of a first degree assault, with or without an enhancement, is always life. RCW 10.77.025(1); RCW 9A.20.021(1)(a). Thus, the deadly weapon or firearm enhancement has no effect on the confinement's length and this error did not prejudice Schwab.
[6] The State argues that we should not review whether Schwab's counsel was ineffective because he had no constitutional right to counsel for the petition now on appeal, but rather was appointed counsel by the trial court's discretion. See State v. Robinson, 153 Wash.2d 689, 696, 107 P.3d 90 (2005) (holding that there is no constitutional right to counsel for CrR 7.8 motions unless provided elsewhere in the rules or constitution). Underlying this argument is the question of whether a criminal defendant has a constitutional right to effective counsel whenever counsel is appointed, regardless of whether appointment was mandated by the constitution. We do not reach this issue because we may not rule on a constitutional issue when we can decide the case on other grounds. State v. Tingdale, 117 Wash.2d 595, 599, 817 P.2d 850 (1991).
[7] We note that the procedures set out in CrR 4.2(f) for withdrawal of a guilty plea to "correct a manifest injustice" do not apply to pleas of not guilty by reason of insanity. Brasel, 28 Wash. App. at 312, 623 P.2d 696. For insanity pleas, the record must show the plea was knowing and voluntary and the defendant had knowledge of the plea's consequences. Brasel, 28 Wash.App. at 312-13, 623 P.2d 696. The record clearly shows this.
[8] RAP 10.10.
[9] We note that, regarding the involuntary medication issue, Schwab's attorney had moved the court to determine whether forced medications were appropriate in July 2003, before Schwab entered the plea. But the record contains no other facts regarding forced medications or a ruling on the matter. Our record is not sufficiently developed to address this issue. If Schwab has additional evidence regarding his fear that Western State Hospital is not using sterile needles and that the medications are poisoning him, he may attach that evidence to a timely PRP.