IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34413-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRITTON MICHAEL HANSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Britton Hanson asks us to reverse the trial court's denial of his CrR 7.8 motion to withdraw his guilty plea and to direct the trial court to appoint a new lawyer, after his prior court-appointed lawyer found no basis for advocating for withdrawal of the plea. He fails to show prejudice, and his reliance on *State v. Chavez*, 162 Wn. App. 431, 437, 257 P.3d 1114 (2011) is misplaced. We affirm.

PROCEDURAL BACKGROUND

In November 2014, Britton Hanson entered a guilty plea to three counts, the nature of which is unimportant for present purposes, and was sentenced to 75 months' confinement.

In June 2015, Mr. Hanson filed a pro se motion to withdraw his guilty plea under CrR 7.8(b)(1) and (3). He contended (1) his offender score was miscalculated, (2) he

received ineffective assistance of counsel, (3) his plea was not knowing, intelligent, and voluntary, and (4) his judgment and sentence was invalid due to a scrivener's error as to the standard sentencing range.

In February 2016, the trial court set a hearing for the motion and appointed attorney Dennis Morgan to represent him.

At a hearing conducted on April 5, 2016, Mr. Morgan notified the court that he had listened to the tape of the sentencing hearing, had been through the clerk's file, and had been unable to find a good faith basis for pursuing Mr. Hanson's motion. He informed the court that he notified Mr. Hanson he would move to withdraw and Mr. Hanson could pursue the motion himself.

The court and counsel discussed the fact that Mr. Hanson thereafter wrote the court, asking for a continuance of the hearing and appointment of a different lawyer.

Upon further discussion, Mr. Morgan offered to file an *Anders*[1] brief addressing his request to withdraw and the prosecutor offered to arrange for Mr. Hanson to participate in a hearing at which the motions could be addressed. The court scheduled a hearing for April 26, 2016.

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

2

At the April 26 hearing, Mr. Morgan referred to the brief he had filed and to his conclusion that "the only thing that I found that had any merit was the scrivener's error, which is an easy thing to correct." Report of Proceedings (RP) at 33.

The trial court then heard from Mr. Hanson, who undertook to argue his motion to withdraw his plea, but also asked the court to deny the *Anders* motion "and/or appoint counsel to properly brief" his claim. RP at 35. After hearing from everyone, the trial court orally denied Mr. Hanson's motion, finding no basis on which Mr. Hanson was entitled to withdraw his plea. The court informed him he had the right to appeal. The State thereafter moved the trial court to correct the scrivener's error in the judgment and sentence, which was done.

Mr. Hanson appeals denial of his CrR 7.8 motion.

## ANALYSIS

On appeal, Mr. Hanson argues that his motion to withdraw his plea was a critical stage in the proceeding, the filing of an *Anders* brief denied him counsel at that critical stage, prejudice is presumed, and we should reverse the trial court's order with directions to the court to appoint the new lawyer requested by Mr. Hanson. The argument is flawed for several reasons.

Since the trial court did not transfer the motion to this court for consideration as a personal restraint petition and it appointed Mr. Morgan, it evidently believed, initially, that Mr. Hanson's motion established grounds for relief or that resolution required a

3

factual hearing. *See* CrR 7.8(c)(2); *State v. Robinson*, 153 Wn.2d 689, 692, 107 P.3d 90 (2005). At that point, Mr. Hanson was not being denied counsel. Mr. Morgan accepted the appointment and undertook to represent him. Assuming that one can complain of ineffective assistance of counsel when one has no constitutional right to counsel,[2] Mr. Hanson has a basis for appeal if he can demonstrate that during Mr. Morgan's representation "(1) defense counsel's representation was deficient, *i.e.*, it fell below an objective standard of reasonableness based on consideration of all the circumstances; and (2) defense counsel's deficient representation prejudiced the defendant, *i.e.*, there is a reasonable probability that, except for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995) (citing *State v. Thomas*, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987)).

Relying on the opinion of the majority of this court in *Chavez*, Mr. Hanson argues that Mr. Morgan's representation was deficient because there is no *Anders* procedure in a trial court; *Anders* briefs are strictly an appellate procedure. 162 Wn. App. at 437. *But cf. Chavez*, 162 Wn. App. at 445 (Korsmo, J., dissenting) (stating that the absence of

---

[2] In *State v. Schwab*, 141 Wn. App. 85, 95 n.6, 167 P.3d 1225 (2007), the State argued that since a defendant has no constitutional right to court-appointed counsel in making a CrR 7.8 motion and receives one only as a matter of discretion, *see Robinson*, 153 Wn.2d at 696, the court should refuse to review a claim of ineffective assistance of counsel. The court declined to decide the issue, since it could decide the case on nonconstitutional grounds—as can we, in this case.

precedent criticizing the procedure in trial courts "strongly suggests there was no error at all"). But Mr. Hanson fails to demonstrate any reasonable probability that the result of his plea withdrawal motion would have been different had Mr. Morgan advocated differently. He makes no attempt whatsoever to demonstrate that any of his grounds for withdrawing his plea had merit.

Relying again on *Chavez*, Mr. Hanson argues that this court held in that case that Mr. Chavez's motion to withdraw his plea was a critical stage of the proceedings and denial of counsel during a critical stage of proceedings is presumptively prejudicial. 162 Wn. App. at 439 (citing *State v. Davis*, 125 Wn. App. 59, 63-64, 104 P.3d 11 (2004)). But both *Chavez* and *Davis* involved motions to withdraw a guilty plea *before* sentencing, brought under a different criminal rule, CrR 4.2(f). A defendant who moves under CrR 7.8 to withdraw a plea after entry of a judgment and sentence is not automatically entitled to counsel. *State v. Salazar*, 170 Wn. App. 486, 489 n.3, 291 P.3d 255 (2012) (citing *In re Pers. Restraint of Gentry*, 137 Wn.2d 378, 390, 972 P.2d 1250 (1999) and *Robinson*, 153 Wn.2d at 696). In ineffective assistance of counsel claims arising from CrR 7.8 hearings, we do not presume prejudice. *State v. Schwab*, 141 Wn. App. 85, 95 n.6, 167 P.3d 1225 (2007) (requiring party moving under CrR 7.8 to demonstrate both deficient performance and prejudice). That is distinction enough, but in *Chavez* the majority also believed that the record, although insufficiently developed, revealed an apparently viable

5

conflict of interest basis for withdrawal of the plea. No apparently viable basis for withdrawing the plea has been shown by Mr. Hanson.

We finally observe that because the motion was brought under CrR 7.8, it was within the discretion of the trial court whether to appoint counsel for Mr. Hanson at all. *Robinson*, 153 Wn.2d at 695-96 (analogizing to RCW 10.73.150(4) and RAP 16.11). While the court elected to appoint counsel upon initially reviewing Mr. Hanson's motion, we find no limitation on the trial court's discretion to permit withdrawal of counsel if, on closer consideration, it concludes there is no merit to the motion. No abuse of discretion is shown.

The order denying the CrR 7.8 motion is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Pennell, J.

6