IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  49764-6-II |
| Respondent, | |
| v. | |
| CHAD ERNEST CHRISTENSEN, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Chad Ernest Christensen appeals from the trial court's denial of his CrR 7.8(b)(5) motion for relief from the judgment and sentence imposed following his conviction of first degree child molestation.  Christensen's court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review.  We grant the motion to withdraw and dismiss the appeal.

FACTS

In 2012, Christensen was convicted of first degree child molestation following a jury trial.  We affirmed Christensen's conviction on direct appeal.  *State v. Christensen*, noted at 181 Wn. App. 1002 (2014) (unpublished).

In 2015, Christensen filed a CrR 7.8(b)(5) motion for relief from his judgment and sentence.  Christensen argued in his motion that (1) his public trial right was violated when either the bailiff or trial counsel asked Christensen's father, Chip Christensen, to give up his seat in the courtroom to make room for potential jurors, and (2) defense counsel was ineffective for failing

to object to the courtroom closure. Christensen attached to his CrR 7.8 motion a sworn

declaration from his father, which stated in relevant part:

(4) Just prior to the venire entering the courtroom the prosecutor informed the court that "There was a larger than normal venire and there wouldn't be enough room for everyone." I was then asked to leave. I thought that was normal procedure, so I left the courtroom.

. . . .

(6) I did however remain in the courthouse to be able to go back into the courtroom once seats became available.

. . . .

(8) After selection of the jurors was completed the court went to lunch. It was not until after they returned from lunch was I allowed to re-enter the courtroom. I was excluded for the entire duration of the jury selection.

Clerk's Papers (CP) at 104-05.

The trial court conducted an evidentiary hearing and took testimony regarding the alleged

closure. Following the hearing, the trial court dismissed Christensen's CrR 7.8(b)(5) motion and

later entered its findings of fact and conclusions of law, which stated in relevant part:

### FINDINGS OF FACT

1.4. Christensen and Chip Christensen entered the courtroom together the morning of day one of Christensen's jury trial through the unlocked public hallway entrance to the courtroom.

1.5. The standard protocol for opening up the courtroom to the public is for the courtroom clerk to enter through the nonpublic entrance, turn on the back lights, walk to the public entrance, open the doors, and using the key unlock both doors for the public entrance.

1.6. The only way to lock the doors from the public hallway to the entrance of the courtroom is for a person to manually lock the doors from the outside with a key.

1.7. The courtroom clerk, judge and court administrator have keys to the courtrooms.

1.8. For the unlocked public entrance doors of the courtroom to become locked while court was in session, it would require a person to go outside the courtroom, and physically lock the courtroom doors.

. . . .

1.11. Chip Christensen was asked to move from his seat in the first pew, directly behind the defense table, in order to accommodate the seating of the 51 prospective jurors.

1.12. Chip Christensen was not asked to leave the courtroom.

. . . .

## CONCLUSIONS OF LAW

Based on these findings the court draws the following conclusions:

2.2. Christensen has not met his burden to show, by competent evidence, that there was in fact a courtroom closure.

. . . .

CP at 344-45. Christensen appeals from the order denying his CrR 7.8 motion.

## ANALYSIS

RAP 15.2(i) provides that court-appointed counsel should file a motion to withdraw "[i]f counsel can find no basis for a good faith argument on review." Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Theobald*, 78 Wn.2d 184, 185, 470 P.2d 188 (1970), counsel's motion to withdraw must

> "be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; ***the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.***"

*State v. Hairston*, 133 Wn.2d 534, 538, 946 P.2d 397 (1997) (alteration in original) (quoting *Anders*, 386 U.S. at 744). This procedure has been followed. Christensen's counsel on appeal

3

filed a brief with the withdrawal motion. Christensen was served with a copy of the brief and informed of his right to file a statement of additional grounds for review.

The material facts are accurately set forth in counsel's brief in support of the motion to withdraw. We have reviewed the briefs filed in this court and have independently reviewed the entire record. We specifically considered the following potential issues raised by counsel:

1. [Whether a]ppellant was denied his constitutional right to a public trial because, during voir dire, appellant's father was asked to give up his seat in favor of potential jurors.

2. [Whether a]ppellant was denied his constitutional right to effective assistance of counsel because his attorney failed to object to a closure of the courtroom during voir dire.

3. [Whether a]ppellant was denied his constitutional right to effective assistance of appellate counsel because his attorney on appeal failed to assign error or argue a denial of appellant's public trial right.

Motion to Withdraw at 3.

We generally review a trial court's denial of a CrR 7.8 motion to vacate a conviction for an abuse of discretion. *State v. Scott*, 150 Wn. App. 281, 290, 207 P.3d 495 (2009). Where a trial court weighs evidence following a CrR 7.8 hearing, we review its findings of fact for substantial evidence and its conclusions of law de novo. *State v. Schwab*, 141 Wn. App. 85, 91, 167 P.3d 1225 (2007). Upon our independent review of the record, we conclude that substantial evidence supports each of the trial court's findings of fact.

Regarding the first potential issue raised by counsel, there is no good faith argument that the trial court erred by concluding Christensen failed to show that a courtroom closure had occurred. To succeed in his public trial violation claim, Christensen carried the burden of showing that a courtroom closure had occurred. *State v. Love*, 183 Wn.2d 598, 605, 354 P.3d

841 (2015), *cert. denied*, 136 S. Ct. 1524 (2016). "A closure . . . occurs when the public is excluded from particular proceedings within a courtroom." *State v. Anderson*, 187 Wn. App. 706, 712, 350 P.3d 255 (citing *State v. Gomez*, 183 Wn.2d 29, 33-34, 347 P.3d 876 (2015); *State v. Lormor*, 172 Wn.2d 85, 92, 257 P.3d 624 (2011)), *remanded*, 184 Wn.2d 1009 (2015). Here, the trial court's factual findings that Christensen's father was asked to give up his seat but not to leave the courtroom, together with its findings regarding the process and procedures for locking the courtroom's publicly accessible doors, clearly support the conclusion that no courtroom closure had occurred. Accordingly, there is no good faith argument that the trial court erred by concluding that a courtroom closure did not occur during Christensen's trial.

Regarding the second potential issue raised by counsel, there is no good faith argument that the trial court erred by concluding Christensen's trial counsel was not deficient for failing to object to a courtroom closure. To demonstrate ineffective assistance of counsel, Christensen must show both deficient performance and resulting prejudice. *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004). To show deficient performance, Christensen must show that defense counsel's performance fell below an objective standard of reasonableness. *Reichenbach*, 153 Wn.2d at 130. Here, Christensen cannot show that his defense counsel performed deficiently for failing to object to a courtroom closure because no courtroom closure had occurred. Accordingly, there is no good faith argument that the trial court erred by concluding Christensen's trial counsel did not perform deficiently.

Finally, regarding the third potential issue raise by counsel, there is no good faith argument that appellate counsel was ineffective for failing to raise a public trial violation on direct appeal. First, Christensen did not raise an ineffective assistance of appellate counsel claim

No. 49764-6-II

in his CrR 7.8 motion. Accordingly, there is no ruling on that issue for us to review. Second, even assuming that the issue could be raised in this appeal, there is nothing in the direct appeal record that would have alerted appellate counsel to a potential public trial right violation claim. Moreover, as addressed above, there was no courtroom closure and, thus, appellate counsel could not have performed deficiently for failing to raise a public trial violation claim.

Based on the above, the potential issues raised by counsel are wholly frivolous. And our independent review of the record does not reveal any potential nonfrivolous issues that may be raised in this appeal. Accordingly, we grant counsel's motion to withdraw and dismiss Christensen's appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Bjorgen, C.J.

_____
Melnick, J.

6