946 P.2d 397 (1997)
133 Wash.2d 534
STATE of Washington, Respondent,
v.
Aaron HAIRSTON, Petitioner.
No. 65240-6.
Supreme Court of Washington, En Banc.
Argued September 18, 1997.
Decided November 13, 1997.
*398 Nielsen, Broman & Associates, Eric Broman, Eric J. Nielsen, Seattle, for petitioner.
Norm Maleng, King County Prosecutor, Cynthia Gannett, Deputy, Appellate Unit, Seattle, for respondent.
SANDERS, Justice.
This criminal defendant challenges appellate-court-approved withdrawal of his appellate counsel and assigns error to the Court of Appeals' refusal to comply with the mandate of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) that the court independently review the record before relieving counsel and dismissing an appeal as frivolous. We reverse. Controlling precedent requires the appellate court to independently review the entire record before approving withdrawal of appointed counsel and dismissing an appeal as frivolous.
Petitioner, 16-year-old Aaron Hairston, dunked his female swimming instructor at the Denny Community Center pool in Seattle and was tried and convicted for fourth degree assault in juvenile court. Claiming indigence Hairston appealed and was appointed counsel at public expense. Appointed counsel reviewed the record, found no appealable issues, and filed an Anders brief in the Court of Appeals, seeking leave to withdraw as counsel.
In a published per curiam opinion the Court of Appeals approved counsel's withdrawal and simultaneously dismissed the appeal. State v. Hairston, 85 Wash.App. 196, 198, 931 P.2d 217 (1997). In so doing the court announced it will no longer independently review the record but will grant counsel leave to withdraw and dismiss the appeal if the Anders brief looks "adequate on its face." Id. at 197, 931 P.2d 217.
Hairston petitioned for review, asserting the Court of Appeals erred by not independently reviewing the record. We granted review. State v. Hairston, 132 Wash.2d 1007, 940 P.2d 655 (1997).
In its brief to this court the State agrees with Hairston that the Court of Appeals departed from Anders and should be reversed. See Supplemental Br. of Resp't at 2-3.
In this jurisdiction once appellate counsel is appointed in a criminal matter counsel may withdraw only with the court's permission. RAP 18.3(a)(1). If appointed appellate counsel can find no basis for a good faith appeal, counsel may file a request to withdraw known as an Anders brief. RAP 18.3(a)(2).[1] In such situation the court may relieve counsel and either dismiss the appeal or leave the indigent to proceed pro se; however, the court must first ascertain that the appeal is in fact frivolous lest it deny the defendant his constitutional right to appeal.[2] *399 Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) established the constitutional minimums that must be met before the court may release appellate counsel from his responsibilities.[3] Driven by the concern that the appellate court dismiss counsel only if the appeal is in fact frivolous, Anders outlined the procedure binding upon both withdrawing counsel and the appellate court:
[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the courtnot counselthen proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

Anders, 386 U.S. at 744, 87 S.Ct. at 1400 (emphasis added).[4] The Supreme Court's mandate is clear: "the courtnot counsel" determines whether the appeal is in fact frivolous. Anders, 386 U.S. at 744, 87 S.Ct. at 1400.

McCoy v. Court of Appeals, 486 U.S. 429, 442, 108 S.Ct. 1895, 1903, 100 L.Ed.2d 440 (1988) reiterated the rationale behind the requirement that the appellate court independently review the record. The court explained the critical determination to be made in an Anders situation is whether the appeal "is indeed so frivolous that counsel should be permitted to withdraw." Id. at 439, 108 S.Ct. at 1902. The court reiterated that only the courtand not counselcan make this legal determination. Id. at 447, 108 S.Ct. at 1906 ("We have, for example, flatly disapproved of a regime that permits appointed defense counselor anyone other than the appellate tribunal itselfto adjudge finally the worthiness of an indigent defendant's appeal.") (citing Lane v. Brown, 372 U.S. 477, 485, 83 S.Ct. 768, 773, 9 L.Ed.2d 892 (1963)).
Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) held Anders meant what it said. In Penson the Ohio appellate court released appellate counsel without first independently reviewing the entire record to make sure the appeal was in fact frivolous. 488 U.S. at 78, 109 S.Ct. at 348. The Supreme Court reversed and in no uncertain terms explained "the Court of Appeals should not have acted on the motion to withdraw before it made its own examination of the record to determine whether counsel's evaluation of the case was sound." Id. at 82-83, 109 S.Ct. at 351. Penson pointed out the requirement to independently review the record "was plainly stated" and "repeated" in Anders and McCoy. Penson, 488 U.S. at 83, 109 S.Ct. at 351. The Court went to the heart of the matter, explaining "[o]bviously, a court cannot determine whether counsel is in fact correct in concluding that an appeal is frivolous without itself examining the record for arguable appellate issues." Id. at 83 n. 6, 109 S.Ct. at 351 n. 6.
There is nothing ambiguous or unclear about the requirement that the appellate court independently review the record under Anders, McCoy, and Penson before dismissing *400 counsel. Anders, McCoy, and Penson control. See Moen v. Erlandson, 80 Wash.2d 755, 757, 498 P.2d 849 (1972) ("[I]t should be undebatable that our United States Constitution and the decisions of the United States Supreme Court interpreting the constitution are the supreme law of the land.").
We have faithfully followed Anders without exception. See State v. Theobald, 78 Wash.2d 184, 185, 470 P.2d 188 (1970) ("[T]he courtnot counselthen proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.") (quoting Anders, 386 U.S. at 744, 87 S.Ct.; at 1400).[5] The Court of Appeals is also bound by this precedent and erred when it departed. See State v. Gore, 101 Wash.2d 481, 486-87, 681 P.2d 227, 39 A.L.R.4th 975 (1984) (the Court of Appeals is bound by decisions of the Washington Supreme Court).
The only authority invoked by the Court of Appeals to support its view is a single Seventh Circuit case, United States v. Wagner, 103 F.3d 551 (7th Cir.1996). In Wagner Chief Judge Richard Posner opined in a three-page decision the Seventh Circuit would no longer independently review the record under Anders, reasoning it made no sense to afford the indigent such special treatment simply because his counsel files an Anders brief. 103 F.3d at 552. He noted if retained counsel pursues the appeal the defendant and the court rely upon the retained attorney; however, if a court-appointed attorney for an indigent files an Anders brief, the indigent receives the attention of not only his lawyer but also a three-judge appellate panel. Id. To equalize the perceived disparity of treatment Wagner declared the court would treat the defendant the same in all cases by never independently reviewing the record. Id.
However, Wagner misses the point of Anders. Anders holds the defendant has a right to appointed counsel on appeal until and unless it is determined the appeal is wholly frivolous. Pursuant to Anders it is the responsibility of the court to ensure the appeal is in fact frivolous prior to withdrawal of counsel and dismissal of the action. This legal determination cannot be delegated to counsel. As the State points out in its brief in this very proceeding: "[I]t is unclear how an appellate court can even make an initial determination" without independently reviewing the record. Supplemental Br. of Resp't at 8. See also Penson, 488 U.S. at 83 n. 6, 109 S.Ct. at 351 n. 6.
Wagner conflicts with three Supreme Court opinions which clearly require the court to independently review the record to determine whether the appeal is frivolous.[6] "[A] federal court of appeals cannot overrule the Supreme Court...." State v. Chervenell, 99 Wash.2d 309, 313 n. 1, 662 P.2d 836 (1983). Neither can we.
The Court of Appeals is reversed. We reaffirm the controlling language of Anders and acknowledge the constitutional right to counsel requires the appellate court to independently ensure that every appeal is frivolous before releasing appointed counsel and dismissing the appeal. We remand for the Court of Appeals to conduct a full Anders review which includes an independent review of the whole record.
DURHAM, C.J., and SMITH, GUY, JOHNSON, MADSEN, ALEXANDER and TALMADGE, JJ., concur.
NOTES
[1] RAP 18.3(a)(2) provides:

If counsel appointed to represent an indigent defendant can find no basis for a good faith argument on review, counsel should file a motion in the appellate court to withdraw as counsel for the indigent. The motion shall identify the issues that could be argued if they had merit and, without argument, include references to the record and citations of authority relevant to the issues. The adverse party shall file an answer to the motion within 30 days....
[2] Under the Sixth Amendment to the United States Constitution indigent criminal defendants have the right to court-appointed appellate counsel for nonfrivolous first appeals to the extent there is a right to appeal. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). In Washington the right to appeal is guaranteed: "In criminal prosecutions the accused shall have the right ... to appeal in all cases...." Const. art. I, § 22.
[3] Anders finds its roots in a long line of United States Supreme Court decisional law addressing the right to counsel. Cases in the lineage include: Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527 (1932) (right to court-appointed trial counsel under Sixth Amendment); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055 (1956) (equal protection right to appellate counsel for indigents); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963) (Sixth Amendment right to counsel applies to states through Fourteenth Amendment). The stage was set for Anders in Ellis v. United States, 356 U.S. 674, 675, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958) (appellate counsel could withdraw only if withdrawing counsel concluded the appeal were frivolous and then only if the court agreed the appeal were indeed frivolous) and Lane v. Brown, 372 U.S. 477, 485, 83 S.Ct. 768, 773, 9 L.Ed.2d 892 (1963) (only the appellate tribunal, and not appointed counsel, may ultimately adjudge the worthiness of an indigent defendant's appeal).
[4] For a comprehensive and scholarly survey of the use of Anders in the various states, see Judge Martha C. Warner, Anders in the Fifty States: Some Appellants' Equal Protection is More Equal than Others', 23 Fla. St. U.L.Rev. 625 (1996).
[5] See also State v. Jackson, 87 Wash.2d 562, 566, 554 P.2d 1347 (1976) ("We adopted the Anders prerequisites in State v. Theobald, 78 Wash.2d 184, 470 P.2d 188 (1970)."); State v. Atteberry, 87 Wash.2d 556, 561-62, 554 P.2d 1053 (1976) ("Once counsel submits the brief, an appellate court, not the trial court, must examine the proceedings to decide whether the appeal is frivolous."); State v. Rolax, 104 Wash.2d 129, 136-37, 702 P.2d 1185 (1985) ("The court then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.... Procedure short of what Anders requires denies a criminal defendant fair procedure.... Anders requires full appellate review...."); State v. Davis, 133 Wash.2d 187, 943 P.2d 283, 285 (1997) ("`[T]he courtnot counselthen proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.'") (quoting Anders, 386 U.S. at 744, 87 S.Ct. at 1400 and Theobald, 78 Wash.2d 184, 185, 470 P.2d 188 (1970)).
[6] Anders, 386 U.S. at 744, 87 S.Ct. at 1400; McCoy, 486 U.S. at 439, 108 S.Ct. at 1902; Penson, 488 U.S. at 83, 109 S.Ct. at 351.