# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49592-9-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| TYLER MOREY WALLACE, | |
| Appellant. | |

MAXA, A.C.J. – Tyler Wallace appeals his conviction of second degree assault, based on an incident in which he slapped KN (the mother of his child) and then threatened her with a knife. Wallace's court-appointed appellate counsel has filed a motion to withdraw on the ground that there is no basis for a good faith argument on appeal. We grant counsel's motion to withdraw and we dismiss Wallace's appeal.

## ANALYSIS

### A.    LEGAL PRINCIPLES

Under *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), appellate counsel for a criminal defendant is authorized to file a motion to withdraw if there are no nonfrivolous grounds that can be raised on appeal.

> "[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any

> points that he chooses; the court – not counsel – then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous."

*State v. Hairston*, 133 Wn.2d 534, 537-38, 946 P.2d 397 (1997) (emphasis omitted) (quoting *Anders*, 386 U.S. at 744). If we find that the appeal is wholly frivolous, we will grant the motion to withdraw and dismiss the appeal. *See State v. Theobald*, 78 Wn.2d 184, 187, 470 P.2d 188 (1970).

RAP 18.3(a)(2) outlines the procedure for filing an *Anders* motion. The motion filed by the defendant's attorney must "identify the issues that could be argued if they had merit" with references to the record, and the motion and answer from the adverse party must be served on the person represented by counsel seeking to withdraw. RAP 18.3(a).

B.    MOTION PROCEDURE

Wallace's counsel followed the procedure required under *Anders* and under RAP 18.3(a)(2). He filed a motion to withdraw, which included a discussion of issues that potentially could be raised on appeal. The State filed a response agreeing that there are no nonfrivolous issues on appeal. Counsel served a copy of the motion to withdraw and the State's response on Wallace, and this court informed Wallace of his right to file a statement of additional grounds for review. Wallace did not file a statement of additional grounds.

C.    ANALYSIS OF POTENTIAL APPELLATE ISSUES

The material facts are accurately set forth in counsel's motion to withdraw. Counsel identified the following potential issues on appeal:

> 1. Whether there was sufficient evidence to convict Wallace of second degree assault.

2. Whether the trial court erred in admitting an exhibit of Facebook messages between KN and a defense witness that contradicted the witness's testimony.

3. Whether defense counsel provided ineffective assistance when he failed to object on Fifth Amendment grounds to testimony that Wallace led the police officer to the knife displayed during the crime.

In considering these issues, we have reviewed counsel's motion and the State's response. In addition, as required under *Anders*, we have independently reviewed the record to determine if there are other nonfrivolous issues that could be raised on appeal.

1. Sufficiency of the Evidence

One potential issue on appeal is sufficiency of the evidence. We examine the record to determine whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014).

To prove second degree assault, the State had to establish beyond a reasonable doubt that Wallace assaulted KN with a deadly weapon, intending to instill apprehension and fear of bodily injury and, in fact, did so. *See* RCW 9A.36.021(1)(c). The jury was instructed that an "assault" included an act done with the intent to create apprehension and fear of bodily injury in another person and that did in fact create a reasonable apprehension and fear of imminent bodily injury. *See State v. Abuan*, 161 Wn. App. 135, 155, 257 P.3d 1 (2011).

Here, KN testified that Wallace slapped her across the face during a heated argument. When she told Wallace that she was going to call the police, he went into the kitchen, returned with a long knife at his side with the blade pointed toward her, and told her he was going to kill her. KN testified that she was fearful for herself and her two children, one of whom was at her side and the other was in her arms.

3

This evidence presented at trial was sufficient to support Wallace's conviction of second degree assault. Asserting a sufficiency of the evidence claim on appeal would be frivolous.

2. Admission of Facebook Evidence

A second potential issue on appeal is the trial court's admission of an exhibit containing Facebook communications between KN and a defense witness. We review a trial court's decision to admit evidence for an abuse of discretion. *State v. Garcia*, 179 Wn.2d 828, 846, 318 P.3d 266 (2014). A trial court abuses its discretion where its decision is manifestly unreasonable or based on untenable grounds or reasons. *Id.* Before a trial court admits evidence, the proponent must authenticate or identify it "to support a finding that the matter in question is what its proponent claims." ER 901(a); *see State v. Bashaw*, 169 Wn.2d 133, 140-41, 234 P.3d 195 (2010).

Wallace called KN during his case-in-chief to address communications she had after the assault with Tiffani Cummings, Wallace's sister. KN stated that she had a Facebook conversation with Cummings after the assault, but she denied having had any telephone calls with her. KN also denied telling Cummings that Wallace did not have a knife.

Cummings testified that after the assault, she communicated with KN on Facebook and then spoke on the phone with KN twice: once before KN spoke with the police and once afterward. According to Cummings, during the second conversation KN said that Wallace did not have a knife. On cross-examination, the State offered and the trial court admitted (over Wallace's objection) an exhibit displaying a Facebook conversation between KN and Cummings. Cummings acknowledged that the exhibit was a Facebook conversation that she had with KN on

the day of the assault. The State then questioned Cummings about incongruities regarding the timing and content between her testimony and the Facebook conversation.

Cummings' own testimony authenticated the exhibit when she admitted that it reflected a conversation she had had with KN. This testimony satisfied ER 901(a). And the State introduced the exhibit in order to cross-examine Cummings about incongruities between her trial testimony and the content and timing of the Facebook conversation. This exhibit was admissible under ER 613(b) because it was extrinsic evidence of a prior inconsistent statement and Cummings was allowed to explain the inconsistencies.

The trial court did not abuse its discretion in admitting the Facebook exhibit. Asserting a claim on appeal that the trial court erred in admitting the exhibit would be frivolous.

3. Ineffective Assistance of Counsel

The third potential issue on appeal is ineffective assistance of counsel regarding the failure to challenge Wallace's nonverbal communication regarding the knife's location. We review ineffective assistance of counsel claims de novo. *State v. Estes*, 188 Wn.2d 450, 457, 395 P.3d 1045 (2017). To prevail on an ineffective assistance claim, the defendant must show both that (1) defense counsel's representation was deficient and (2) the deficient representation prejudiced the defendant. *Id.* at 457-58. Representation is deficient if, after considering all the circumstances, it falls below an objective standard of reasonableness. *Id.* at 458. There is a strong presumption that counsel's performance was effective. *Id.*

The Fifth Amendment to the United States Constitution provides that no person can be compelled to be a witness against himself. A police officer violates this protection when he or

5

she induces a subject to reveal the location of incriminating evidence absent *Miranda*[1] warnings. *See State v. Spotted Elk*, 109 Wn. App. 253, 258-61, 34 P.3d 906 (2001) (applying Fifth Amendment to the act of producing incriminating evidence). To preserve a *Miranda* waiver issue for appeal, a defendant must raise the issue at a CrR 3.5 hearing. *State v. Campos-Cerna*, 154 Wn. App. 702, 710, 226 P.3d 185 (2010).

Here, the investigating officer contacted Wallace on the evening of the assault. She explained to Wallace why she was there, arrested him, and placed him in handcuffs. She then asked Wallace about the knife, and he took her to the knife. Before trial, defense counsel waived a CrR 3.5 hearing because "[Wallace] wasn't compelled or anything like that. . . . He voluntarily and freely gave it, and it wasn't under compulsion. . . . He was Mirandized." Report of Proceedings at 6-7. The record contains no evidence that would contradict this statement.

If Wallace received *Miranda* warnings before he led the officer to the knife, defense counsel did not provide ineffective representation by not moving to suppress Wallace's nonverbal communication. Asserting a claim on appeal that defense counsel was ineffective on this basis would be frivolous.

4. Other Nonfrivolous Issues

We have independently reviewed the record. We are unable to identify any nonfrivolous issues that could be raised on appeal.

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

No. 49592-9-II

CONCLUSION

The three potential issues that appellate counsel identified are wholly frivolous and our independent review of the record has disclosed no other nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw and we dismiss Wallace's appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, A.C.J.



We concur:

_____
JOHANSON, J.

_____
SUTTON, J.

7