# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50613-1-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| CHARLES C. JOHNSON, | |
| Appellant. | |

BJORGEN, J. — Charles Christopher Johnson appeals the revocation of his Drug Offender Sentencing Alternative (DOSA) sentence.

Johnson's court-appointed appellate counsel has filed a motion to withdraw on the ground that there is no basis for a good faith argument on appeal.

We grant counsel's motion to withdraw and dismiss Johnson's appeal.

## FACTS

### A.    Substantive Facts

On June 13, 2016, Johnson was convicted of one count of unlawful possession of a controlled substance (methamphetamine) under former RCW 69.50.4013(1) (2015), and two counts of bail jumping under RCW 9A.76.170(1), 3(c).  The superior court sentenced Johnson to a DOSA, which encompassed the residential chemical dependency treatment-based alternative.

On August 2, the superior court held a show cause hearing based on an allegation that Johnson had failed to complete chemical dependency treatment due to discharge from the treatment facility on July 15, 2016.  Tony Prentice, the administrator for American Behavioral Health Systems (ABHS) in Chehalis, testified that ABHS discharged Johnson because facility

staff believed he was "inappropriate to admit based on needing to address some mental health issues." Verbatim Report of Proceedings (VRP) at 2-3. Community Corrections Officer (CCO) Laura Cole testified that ABHS has a separate, dual-diagnosis facility in Spokane. She was later able to confirm that the Spokane facility would accept Johnson for treatment.

Johnson testified that ABHS in Chehalis discharged him without warning and that ABHS staff did not advise him of his rights and responsibilities. On cross-examination, the State confirmed that Johnson retired from the military with full benefits and asked questions about his military benefits and why Johnson decided "to live homelessly." VRP at 22-23. Defense counsel objected to the line of questioning on the basis of relevance, but the superior court allowed the questions. The parties suggested to the superior court that Johnson continue his inpatient treatment at the ABHS facility in Spokane. The superior court found that Johnson had violated his DOSA sentence by causing a disruption at the facility such that the facility discharged him. The superior court authorized Johnson to serve his treatment time at the dual-diagnosis ABHS facility in Spokane.

On August 9, the superior court held a review hearing and Johnson still did not have a treatment bed date and appointment time for ABHS. He continued to be held at the local jail in the interim, over defense objection.

On August 16, the superior court issued an order finding a willful violation of DOSA and ordering that Johnson be released to ABHS in Spokane on his treatment bed date of August 18.

Johnson arrived for treatment at the Spokane facility as ordered by the court. He completed two months of treatment and was successfully discharged on October 21. After

Johnson was discharged, he failed to report to Department of Corrections (DOC) by October 24 and failed to submit to weekly urinalysis drug testing as directed.

DOC filed a DOSA notice of violation. DOC alleged that ABHS successfully discharged Johnson on October 21, but he did not report to DOC as required by October 24. On May 9, 2017, the superior court held an evidentiary show cause hearing based on the allegations from October 2016. CCO Cole testified that Johnson failed to check in with DOC and failed to report to Northwest Resources for outpatient treatment after his discharge from ABHS. She admitted that she could not find the logbook that documents when offenders check in to the DOC office.

Johnson testified that ABHS in Spokane discharged him on October 21, 2016, in the early morning hours. Johnson took a Greyhound bus to Olympia, which arrived in the late afternoon of October 21, after a four to five hour delay in Seattle. Johnson stayed in a hotel in Shelton on October 24 and October 25. Johnson then reported to CCO Charles Johnson, who informed Johnson that CCO Cole was not available at that time. Johnson went to report to the Northwest Resources office in the Collier Building, but it was empty. CCO Cole indicated in her testimony that Northwest Resources had moved their office from the Collier Building. Johnson admitted that he did not report to DOC in January, February, or March, and that he was taken into custody in February 2017 for driving on a revoked license.

The superior court found that Johnson committed three willful violations of his DOSA sentence, including the failure to: (1) report to DOC on October 24, 2016, (2) submit to a weekly urine analysis as required, and (3) comply with the chemical dependency program as directed by not checking in with Northwest Resources. The superior court revoked Johnson's DOSA sentence.

3

Johnson filed his notice of appeal. The superior court entered an order of indigency and appointed counsel for the purposes of Johnson's appeal.

B.      Motion to Withdraw

Johnson's court-appointed counsel filed a motion to withdraw, which includes a discussion of issues that potentially could be raised on appeal. The State filed a response agreeing that there are no nonfrivolous issues on appeal. Counsel served a copy of the motion to withdraw and the State's response on Johnson. We informed Johnson of his right to file a statement of additional grounds (SAG) for review. Johnson did not file a SAG.

ANALYSIS

I. MOTION TO WITHDRAW

On review, Johnson's court-appointed appellate counsel believes there is no basis for a good faith argument on appeal. We agree.

A.      Legal Principles

Under *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), appellate counsel for a criminal defendant is authorized to file a motion to withdraw if there are no nonfrivolous grounds that can be raised on appeal.

> "[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished [to] the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous."

*State v. Hairston*, 133 Wn.2d 534, 537-38, 946 P.2d 397 (1997) (emphasis omitted) (quoting *Anders*, 386 U.S. at 744). If we find that the appeal is wholly frivolous, we will grant the motion

4

to withdraw and dismiss the appeal. *See State v. Theobald*, 78 Wn.2d 184, 187, 470 P.2d 188 (1970).

RAP 18.3(a)(2) outlines the procedure for filing an *Anders* motion. The motion filed by the defendant's attorney must "identify the issues that could be argued if they had merit" with references to the record, and the motion and answer from the adverse party must be served on the person represented by counsel seeking to withdraw. RAP 18.3(a).

B. Motion Procedure

Johnson's counsel followed the procedure required under *Anders* and under RAP 18.3(a)(2). He filed a motion to withdraw with us, which included a discussion of issues that potentially could be raised on appeal. The State filed a response agreeing that there are no nonfrivolous issues on appeal. Counsel served a copy of the motion to withdraw and the State's response on Johnson, and we informed Johnson of his right to file a SAG. Johnson did not file a SAG.

C. Analysis of Potential Appellate Issues

The material facts are accurately set forth in counsel's motion to withdraw. Counsel identified the following potential issue on appeal:

Whether the court impermissibly admitted irrelevant evidence of Johnson's financial background?

In considering this issue, we are required to independently review counsel's motion and the State's response. In addition, as required under *Anders*, we independently review the record to determine if there are other nonfrivolous issues that could be raised on appeal.

1. Admission of Irrelevant Evidence

Counsel argues that Johnson could potentially argue that the superior court impermissibly

allowed irrelevant evidence regarding Johnson's financial background to be admitted during the August 2, 2016, hearing.

"Evidence which is not relevant is not admissible." ER 402.  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ER 401.

We review a superior court's evidentiary rulings for an abuse of discretion. *State v. Clark*, 187 Wn.2d 641, 648, 389 P.3d 462 (2017).  We defer to the superior court's rulings unless "'no reasonable person would take the view adopted by the trial court.'" *Id.* at 648 (quoting *State v. Atsbeha*, 142 Wn.2d 904, 914, 16 P.3d 626 (2001)).

Counsel argues that it was totally irrelevant pursuant to ER 402 whether Johnson decided to "live homelessly" or not, and the superior court should not have considered that information. Br. of Appellant at 7.

According to the State,

[t]he hearing at which the prosecutor questioned Johnson about whether he was voluntarily homeless occurred in relation to a notice of violation that predated the one that is at issue on appeal, but instead occurred on August 2, 2016, which was about three months before the filing date of the notice of violation at issue in this case.  The August 2, 2016, hearing was held in relation to a notice of violation that was dated July 18, 2016.  After the prosecutor received Johnson's answers to his questions about homelessness, he recommended against revocation of Johnson's DOSA sentence.  The trial court did not revoke Johnson's DOSA sentence based on this report of violation.  It follows that Johnson suffered no prejudice due to the prosecutor's questions about homelessness, and because these questions occurred in relation to a notice of violation that is not at issue on appeal, it has no relevance to the instant appeal.

Br. of Resp't at 4-5 (citations to record omitted).

We agree with the State that the facts of the case do not support an argument that the superior court erred by allowing the prosecutor to ask questions about whether Johnson was then voluntarily homeless.

Thus, we hold that arguing on appeal that the superior court abused its discretion when it allowed the prosecutor to ask questions about voluntary homelessness would be frivolous.

2. Other Nonfrivolous Issues

We have independently reviewed the record and were unable to identify any additional nonfrivolous issues that could be raised on appeal.

Based on the record, it appears that Johnson, at least initially, may have made good faith effort to report. If Johnson had persisted in his efforts to report to DOC, filled out reporting paperwork, and submitted to weekly urinalysis drug testing, he may have had a nonfrivolous argument that he had made a good faith attempt to report and comply with the conditions of his DOSA sentence. Nevertheless, Johnson did not report to DOC or submit to weekly urinalysis drug testing, and his whereabouts were unknown until he was ultimately was taken into custody for driving on revoked license.

Because we have independently reviewed the record and were unable to identify any additional nonfrivolous issues that could be raised on appeal, we dismiss Johnson's appeal.

No. 50613-1-II

## CONCLUSION

We grant counsel's motion to withdraw and dismiss Johnson's appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Bjorgen, J.

We concur:

_____
Lee, A.C.J.

_____
Sutton, J.