# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55089-0-II |
| Respondent, | |
| v. | |
| DEVIN JOHN KONECNY, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Devin J. Konecny appeals the superior court's order denying his CrR 7.8 motion to clarify his judgment and sentence. Konecny's court-appointed attorney has filed a motion to withdraw (known as an *Anders*[1] brief) on the ground that there is no basis for good faith argument on review. We grant the motion to withdraw and dismiss the appeal.

In 2016, Konecny repeatedly shot at police officers when they attempted to arrest him. *State v. Konecny,* No. 52929-1-II, slip op. at 2 (Wash Ct. App. January 22, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2051929-1-II%20Unpublished%20Opinion.pdf. Konecny pleaded guilty to ten counts of second degree assault with five firearm enhancements. Konecny had an extensive criminal history resulting in an offender score of 32. *Id.*

As part of a negotiated plea, Konecny agreed that there were grounds for the State to seek and exceptional sentence. *Id.* The State recommended an exceptional sentence of 348 months.

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

*Id.* Konecny argued for a sentence of 264 months. *Id.* The superior court imposed the State's recommended exceptional sentence. *Id.* at 3.

Konecny appealed, arguing that the sentence was clearly excessive. *Id.* This court affirmed Konecny's sentence but remanded to correct some errors related to legal financial obligations on Konecny's judgment and sentence. *Id.* at 6. The superior court corrected the judgment and sentence to strike the improper legal financial obligations.

Konecny then filed a pro se CrR 7.8 motion asserting that his judgment and sentence should be corrected because it imposed a no contact order without identifying the term of the no contact order or the person protected. The superior court determined that Konecny made a substantial showing that he was entitled to relief and ordered a response from the State. The State argued that the judgment and sentence did not need to be corrected. Because the preprinted portion of the judgment and sentence regarding no contact was not checked and all of the information in the paragraph was left blank, a no contact order was not actually imposed by the sentencing court. The superior court denied Konecny's CrR 7.8 motion.

Konecny appealed. Thereafter, Konecny's court-appointed attorney filed a motion to withdraw on the ground that there is no good faith argument on review. Pursuant to *State v. Theobald*, 78 Wn.2d 184, 470 P.2d 188 (1970), and *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the motion to withdraw must:

> "be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; ***the court—not counsel— then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.***"

No. 55089-0-II

*State v. Hairston*, 133 Wn.2d 534, 538, 946 P.2d 397 (1997) (quoting *Anders*, 386 U.S. at 744). An appeal is frivolous when it is so devoid of merit there is no reasonable possibility of reversal. *In re Recall of Boldt*, 187 Wn.2d 542, 556, 386 P.3d 1104 (2017). This procedure has been followed here. Konecny's court-appointed counsel has filed a brief with the motion to withdraw and Konecny has filed a statement of additional grounds for review (SAG).[2]

We have reviewed the briefs filed in this court and have independently reviewed the entire record. We also considered the following potential issue raised by counsel: whether the sentencing court exceeded its authority by imposing a no contact order without specifying the duration of the order or the name of the protected party. And we considered the three issues raised by Konecny in his SAG: (1) whether the sentencing court had the discretion to run his sentencing enhancements concurrently as part of an exceptional sentence downward, (2) whether he is entitled to resentencing because his offender score included a prior conviction for unlawful possession of a controlled substance, and (3) the sentencing court failed to enter written findings of fact and conclusions of law justifying his exceptional sentence. After review, this appeal is wholly frivolous because there is no issue that presents a reasonable possibility of reversing the superior court's order.

First, nothing in the judgment and sentence indicates that the sentencing court imposed a no contact order. The sentencing court did not check anything in the preprinted section related to no contact orders; the term of the no contact order and the identity of the protected person are left blank. Because there is no indication that the sentencing court imposed a no contact order, the

_____

[2] RAP 10.10.

3

sentencing court could not have exceeded its authority by imposing an improper no contact order. Therefore, the superior court properly denied Konecny's CrR 7.8 motion to correct the judgment and sentence and this issue is wholly frivolous.

Second, the potential issues identified in Konecny's SAG exceed the scope of appeal. RAP 10.10(a) provides:

> In a criminal case on direct appeal, the defendant may file a pro se statement of additional grounds for review to identify and discuss those matters *related to the decision under review* that the defendant believes have not been adequately addressed by the brief filed by defense counsel.

(Emphasis added.) The decision under review in this case is the superior court's order denying Konecny's CrR 7.8 motion to correct the judgment and sentence regarding an improperly imposed no contact order. The issues identified in Konecny's SAG are wholly unrelated to the superior court's decision on his CrR 7.8 motion. Therefore, the potential issues raised in his SAG are wholly frivolous because they present no reasonable possibility of reversal in this appeal.[3]

Based on the above, this appeal is wholly frivolous. The motion to withdraw is granted and the appeal is dismissed.

---

[3] We recognize that under *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021) and *State v. Ammons*, 105 Wn.2d 175, 187-88, 713 P.2d 719, 718 P.2d 796 (1986), a prior conviction for unlawful possession of a controlled substance is improperly included in a defendant's offender score. However, this issue was not raised in the CrR 7.8 motion below and is not related to the superior court's decision that is currently before us on appeal. Konecny is free to file another CrR 7.8 motion to have his judgment and sentence corrected to strike his prior conviction for unlawful possession of a controlled substance from his criminal history.

No. 55089-0-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

GLASGOW, C.

CRUSER, J.