# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56113-1-II |
| Respondent, | |
| v. | |
| DENA MAREE HANGARTNER, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — Dena Hangartner (now known as Dena Faas) appeals her convictions of residential burglary—domestic violence, violation of a court order—domestic violence, two counts of assault in the fourth degree—domestic violence, and resisting arrest. Hangartner's court-appointed attorney has filed a motion to withdraw based on *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), on the ground that there is no basis for a good faith argument on review. We grant counsel's motion to withdraw and dismiss Hangartner's appeal.

FACTS

Hangartner violated a no contact court order by unlawfully entering the home of her former boyfriend, John Dunlap. A few months later, Dunlap called police after Hangartner assaulted him. When police contacted Hangartner, she kicked and screamed, and resisted being arrested.

The State charged Hangartner with residential burglary—domestic violence, violation of a court order—domestic violence, two counts of assault in the fourth degree—domestic violence, and resisting arrest.

Hangartner requested to enter Lewis County's mental health court program, where her charges would be dismissed if she successfully completed treatment. The trial court inquired whether she had spoken with her attorney and understood the requirements of the program. Hangartner replied yes. The trial court also inquired if Hangartner understood she was giving up several rights, including the right to a speedy trial and the right to a jury. Hangartner responded yes. Hangartner stated that she understood that if she did not comply with the requirements of the program, she could be terminated from the program. The trial court found Hangartner understood the program and admitted her.

Hangartner had difficulties complying with the program's rules. She did not complete an assessment, was disruptive, and failed a drug test. The treatment facility recommended Hangartner receive in-patient treatment once a bed was available. Hangartner reported for in-patient treatment and started the intake process but became disruptive and demanded to leave.

The State petitioned the trial court to terminate Hangartner from the mental health court program. The State set forth eight allegations to support its motion to terminate. Hangartner admitted all eight allegations and apologized for her actions. The trial court granted the State's motion to terminate. The matter proceeded to a stipulated facts (based on the police reports) bench trial, where the court found Hangartner guilty as charged.

The trial court found that the residential burglary and violation of a court order convictions encompassed the same criminal conduct. The court sentenced Hangartner to 60 days in jail as a first time offender. The court also found Hangartner was indigent and waived all but mandatory legal financial obligations (LFOs).

Hangartner appealed her judgment and sentence. Appellate counsel filed an *Anders* brief, requesting to withdraw because he could not find any meritorious issues.

ANALYSIS

Under *Anders*, appellate counsel for a criminal defendant is authorized to file a motion to withdraw if there are no nonfrivolous grounds that can be raised on appeal. 386 U.S. at 744. If counsel determines that an appeal is "'wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.'" *State v. Hairston*, 133 Wn.2d 534, 537-38, 946 P.2d 397 (1997) (quoting *Anders*, 386 U.S. at 744). Counsel must, however, provide "'a brief referring to anything in the record that might arguably support the appeal.'" *Hairston*, 133 Wn.2d at 538 (quoting *Anders*, 386 U.S. at 744). The appellant is permitted to respond. RAP 18.2(a)(2). The appellant is also permitted to file a statement of additional grounds for review (SAG). RAP 10.10(a).

The appellate court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. *Hairston*, 133 Wn.2d at 538. If we find that the appeal is wholly frivolous, we will grant the motion to withdraw and dismiss the appeal. *State v. Theobald*, 78 Wn.2d 184, 187, 470 P.2d 188 (1970).

This procedure has been followed here. Hangartner's counsel on appeal filed a brief with the motion to withdraw. Counsel served Hangartner with a copy of the brief, and we informed her of her right to respond to the motion and to file a SAG. Hangartner did not file a response or SAG.

The material facts are accurately set forth in counsel's brief in support of the motion to withdraw. We have reviewed the brief and have independently reviewed the entire record. We specifically considered the following potential issues raised by counsel:

1. Whether the information contains all the essential elements of the five charges.

2. Whether sufficient evidence supports the five convictions.

3. Whether the trial court sufficiently informed Hangartner of her rights in entering the mental health court program.

3

4. Whether Hangartner was properly terminated from the mental health court program.

5. Whether there was sentencing error.

First, we agree with counsel that the information contains all the essential elements of the five charges as set forth in RCW 9A.52.025 (residential burglary), RCW 26.50.110(1) (violation of court order), RCW 9A.36.041(1) (assault in the fourth degree), RCW 9A.76.040(1) (resisting arrest), and RCW 10.99.020(4) (domestic violence definition). Second, Hangartner stipulated to the facts as contained in the police reports to support her convictions. We agree that the facts set forth in the police reports support residential burglary—domestic violence, violation of a court order—domestic violence, two counts of assault in the fourth degree—domestic violence, and resisting arrest. Third, we agree with counsel that the trial court sufficiently informed Hangartner of her rights in entering the mental health court program. Fourth, we agree with counsel that Hangartner was properly terminated from the mental health court program for not complying with the program's requirements. And fifth, Hangartner cannot show sentencing error because the trial court imposed a first-time offender sentence, which cannot be appealed, and the court properly imposed only mandatory LFOs. *See* RCW 9.94A.585(1) ("a sentence imposed on a first-time offender under RCW 9.94A.650 shall . . . be deemed to be within the standard sentence range for the offense and shall not be appealed"); *State v. Ramirez*, 191 Wn.2d 732, 746, 426 P.3d 714 (2018) (regarding the imposition of mandatory LFOs on indigent defendants).

## CONCLUSION

Based on the above, the potential issues raised by counsel are wholly frivolous. We also do not find any meritorious issues after a full examination of all the proceedings. Therefore, the motion to withdraw is granted and the appeal is dismissed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Maxa, P.J.

Lee, J.