# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56172-7-II |
| Respondent, | |
| v. | |
| MARK JONATHAN GOSSETT, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, A.C.J. – Mark Gossett appeals the superior court's denial of his post-conviction DNA testing motion. Gossett's appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review.

We grant the motion to withdraw and dismiss the appeal.

## FACTS

In June 2000, AG and her biological sister, SG, were placed as foster children in the home of Gossett and his wife. In December 2001, the Gossetts adopted the sisters. In January 2008, AG moved in with Jennifer Myrick, a woman she had met at church. In June 2008, AG told Myrick and Myrick's best friend, Roberta Vandervort, that "Gossett had sexually abused her and that she 'couldn't handle holding the secret any longer.' " Clerk's Papers at 27. AG told Myrick and Vandervort that the sexual abuse began around the time she was in eighth grade. In July 2008, AG met with Thurston County Deputy Sheriff Kurt Rinkel and told him that Gossett began touching her in eighth grade.

On November 17, 2008, the State filed its initial charges against Gossett. On April 14, 2010, the State charged Gossett with two counts of second degree child rape, two counts of second degree child molestation, and one count of intimidating a current or prospective witness by second amended information. At trial, AG testified that Gossett kissed her for the first time when she was in seventh grade, before she received head gear. The prosecutor argued in closing that AG's sexual abuse began in 2002 when she first received head gear at the age of 12. A jury convicted Gossett on the two counts of second degree rape of a child under former RCW 9A.44.076 (1990) and two counts of second degree child molestation under former RCW 9A.44.086 (1994) of his adopted daughter AG.

On July 15, 2021, Gossett submitted a motion for post-conviction DNA testing pro se. The State filed its response on August 3, 2021. The superior court held a hearing on the motion on August 12, 2021. The State was present at the hearing, however neither Gossett, nor any counsel on his behalf appeared. The court noted that Gossett did not "make any request in writing to be transferred from the Department of Corrections to appear at today's hearing."[1] Verbatim Rep. of Proc. (Aug. 12, 2021) at 5. That same day the superior court entered a written order denying Gossett's post-conviction motion for DNA testing. Gossett appealed on August 30, 2021.

Thereafter, Nielsen Koch & Grannis, PLLC was appointed to represent Gossett regarding the appeal of the superior court's denial of his post-conviction DNA testing motion. Gossett's court-appointed attorney filed a motion to withdraw on the ground that there is no good faith argument on review and served a copy on Gossett. The State filed an answer, arguing that counsel's

---

[1] Gossett, and counsel, were present at a subsequent December 9, 2021 hearing. The hearing was in response to several additional motions that Gossett filed.

No. 56172-7-II

motion to withdraw should be granted and Gossett's appeal dismissed. Gossett filed a statement of additional grounds for review (SAG).

DISCUSSION

I. MOTION TO WITHDRAW

RAP 15.2(i) provides that court-appointed counsel should file a motion to withdraw "[i]f counsel can find no basis for a good faith argument on review." Pursuant to *State v. Theobald*, 78 Wn.2d 184, 470 P.2d 188 (1970), and *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the motion to withdraw must:

> "be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; *the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.*"

*State v. Hairston*, 133 Wn.2d 534, 538, 946 P.2d 397 (1997) (quoting *Anders*, 386 U.S. at 744). An appeal is frivolous when it is so devoid of merit there is no reasonable possibility of reversal. *In re Recall of Boldt*, 187 Wn.2d 542, 556, 386 P.3d 1104 (2017). This procedure has been followed here. Gossett's court-appointed counsel filed a brief with the motion to withdraw. Gossett was served with a copy of the brief and informed of his right to file a SAG. Gossett filed a SAG.

We have reviewed the briefs filed in this court and independently reviewed the entire record. We also considered the following potential issues raised by counsel: whether the court erred in denying Gossett's motion for post-conviction DNA testing, whether the court violated Gossett's due process right to be heard when it decided his motion for post-conviction DNA testing in his absence, and whether the superior court failed to consider the evidence produced at trial. And we considered the issue raised by Gossett in his SAG.

3

After review, this appeal is wholly frivolous because there is no issue that presents a reasonable possibility of reversing the superior court's order. We grant counsel's motion to withdraw and dismiss Gossett's appeal.

## II. MOTION FOR DNA TESTING

Gossett's counsel identifies the superior court's denial of Gossett's motion for post-conviction DNA testing as a potential assignment of error. The State argues that the superior court correctly denied Gossett's motion and that the motion was frivolous.

We hold that there is no good faith argument that the superior court erred in denying Gossett's post-conviction DNA testing motion.

### A. LEGAL PRINCIPLES

We review the superior court's decision on a motion for post-conviction DNA testing for an abuse of discretion. *State v. Crumpton*, 181 Wn.2d 252, 257, 332 P.3d 448 (2014). A trial court abuses its discretion if the decision rests on facts unsupported in the record or was reached by applying the incorrect legal standard. *Id*. A defendant does not have a constitutional right to DNA testing. *Id*. at 258. However, post-conviction DNA testing has been accepted as a way to use developing technology to ensure an innocent person is not in jail. *Id.*

### B. ANALYSIS

RCW 10.73.170 provides a means for convicted persons to seek DNA testing to establish their innocence and is "limited to situations where there is a credible showing that [DNA testing] could benefit a possibly innocent individual." *Id.* at 261; *see also* RCW 10.73.170(1). The convicted person must submit a written motion requesting DNA testing to the court, which must:

(a) State that:

4

(i) The court ruled that DNA testing did not meet acceptable scientific standards; or

(ii) DNA testing technology was not sufficiently developed to test the DNA evidence in the case; or

(iii) The DNA testing now requested would be significantly more accurate than prior DNA testing or would provide significant new information;

(b) Explain why DNA evidence is material to the identity of the perpetrator of, or accomplice to, the crime, or to sentence enhancement; and

(c) Comply with all other procedural requirements established by court rule.

RCW 10.73.170(2). If the convicted person satisfies these procedural requirements, the court must grant the motion requesting DNA testing if it concludes that "the convicted person has shown the likelihood that the DNA evidence would demonstrate innocence on a more probable than not basis." RCW 10.73.170(3); *see also State v. Riofta*, 166 Wn.2d 358, 364-67, 209 P.3d 467 (2009).

Here, the trial court correctly found that Gossett's motion did not address the specific requirements of RCW 10.73.170(2). Gossett's motion for post-conviction DNA testing failed to state that DNA testing did not meet acceptable scientific standards, that DNA testing was not sufficiently developed to test DNA evidence in the case, or that the DNA testing requested would be significantly more accurate than prior DNA testing or would provide significant new information. Moreover, Gossett did not demonstrate or explain why DNA evidence was material to the identity of the perpetrator. Furthermore, Gossett failed to demonstrate a likelihood that the requested testing would show innocence on a more probable than not basis. This is particularly true where Gossett's convictions for second degree rape and second degree child molestation involved a delayed disclosure and consequently no DNA evidence would exist to be tested.

The trial court also correctly found that Gossett's motion failed to satisfy RCW 10.73.170(3). Gossett's motion for post-conviction DNA testing claimed that the results of DNA testing would more likely than not demonstrate his actual innocence. However, Gossett did not

explain how or why. As the superior court correctly found, Gossett failed to identify any specific piece of evidence to be tested and the record does not indicate that there was a possibility that he was falsely identified as the suspect in the case. Indeed, Gossett's crimes were not discovered until 2008, when AG first disclosed Gossett's acts. This was six years after Gossett began sexually abusing AG. As a result, there would not have been any DNA evidence to be tested. Accordingly, Gossett failed to demonstrate a likelihood that the requested DNA testing would show his innocence on a more probable than not basis.

Therefore, the superior court properly denied Gossett's motion for DNA testing because he did not follow the requirements of RCW 10.73.170(2), (3). The superior court did not abuse its discretion. We conclude that there is no good faith argument that the court erred in denying Gossett's motion for post-conviction DNA testing.

### III. FAILURE TO BE PRESENT AT HEARING

Gossett's counsel identifies Gossett's due process right to be present at the hearing on his post-conviction DNA testing motion as a potential appealable issue. The State argues that Gossett did not have a due process right to be present at the hearing, and even if he did, there was no harmful error.

We agree with the State and hold that there is no good faith argument that the superior court violated Gossett's due process right to be heard when it decided his motion for post-conviction DNA testing in his absence.

A. LEGAL PRINCIPLES

Whether a defendant's constitutional right to be present has been violated is a question of law, reviewed de novo. *State v. Irby*, 170 Wn.2d 874, 880, 246 P.3d 796 (2011). A defendant has

a fundamental right to be present at all critical stages of a trial. *Id*. However, a defendant's due process right to be present in proceedings where the defendant is not confronting witnesses or evidence against him is limited. *Id.* at 881. A defendant has the right to be present when the defendant's presence has a reasonably substantial relationship to their " 'opportunity to defend against the charge.' " *Id.* (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 105-06, 54 S. Ct. 330, 78 L. Ed. 674 (1934), overruled on other grounds by *Malloy v. Hogan*, 378 U.S. 1, 84 S. Ct. 1489, 12 L. Ed. 2d 653 (1964)). A defendant does not have a right to be present when his or her " 'presence would be useless' " or when the benefit would be " 'but a shadow.' " *Id.* (quoting *Snyder*, 291 U.S. at 106-07). A violation of a defendant's due process right to be present is subject to harmless error analysis. *Id.* at 885. The State has the burden to prove that the error was harmless. *Id.* at 886.

B. ANALYSIS

Here, Gossett's failure to be present at the August 12, 2021 hearing on his motion for post-conviction DNA testing did not have a reasonably substantial relationship to his opportunity to defend against any of the charges he faced at trial 11 years earlier. The superior court denied Gossett's motion based on his failure to adhere to the requirements in RCW 10.73.170. Additionally, Gossett did not make any written request to be transferred from the Department of Corrections to appear at the hearing. There is no evidence in the record that his absence was due to any prohibition imposed on him by the court or the State.

Even if Gossett had a constitutional right to be present at his post-conviction DNA testing hearing, there is no evidence that his absence was harmful error. The record clearly demonstrates that post-conviction DNA testing was unjustified. Therefore, even if Gossett had a right to be

present at the hearing on the post-conviction DNA testing motion, there is no evidence that his failure to be present harmed him in any way.

#### IV. FAILURE TO CONSIDER EVIDENCE AT TRIAL

Gossett's counsel identified the court's failure to consider the trial evidence as a potential assignment of error. The superior court's order states that it considered the parties' arguments and briefing in making its factual findings. The State's response to Gossett's motion summarized the relevant facts from trial and explained why it believed that Gossett's motion should be denied. The State's brief attached appendices on DNA testing to support its argument that post-conviction DNA testing was unwarranted in the present case.

Gossett's counsel does not identify what relevant evidence from trial they believe the superior court failed to consider in ruling on his post-conviction motion for DNA testing. RCW 10.73.170 does not require that the court consider all evidence produced at trial in ruling on a post-conviction DNA motion. It merely establishes several requirements that the convicted person must follow in order for a motion for post-conviction DNA testing to be granted. RCW 10.73.170. Gossett did not meet those requirements. Furthermore, the delayed disclosure means there would be no DNA evidence to test. Therefore, the superior court did not err or abuse its discretion in denying Gossett's motion and we hold that there is no good faith appealable issue that the superior court failed to consider the evidence at trial.

#### V. SAG

In his SAG, Gossett argues that the information was constitutionally deficient because it failed to set forth every element of the crime charged. We hold that Gossett fails to raise reversible grounds in his SAG.

No. 56172-7-II

The issue identified in Gossett's SAG exceeds the scope of appeal. RAP 10.10(a) provides:

> In a criminal case on direct appeal, the defendant may file a pro se statement of additional grounds for review to identify and discuss those matters *related to the decision under review* that the defendant believes have not been adequately addressed by the brief filed by the defendant's counsel.

(Emphasis added.)

The decision under review in this case is the superior court's order denying Gossett's post-conviction motion for DNA testing. The issue identified in Gossett's SAG is wholly unrelated to the superior court's decision on his post-conviction DNA testing motion. Therefore, we conclude that the issue raised in his SAG is wholly frivolous because it presents no reasonable possibility of reversal in this appeal.

## CONCLUSION

Following our review of potential issues raised by counsel and the issue raised by Gossett in his SAG, we conclude that the issues do not present a good faith argument for review. We hold that an independent review of the record does not reveal any potential nonfrivolous issues that may be raised in this appeal. Accordingly, we grant counsel's motion to withdraw and dismiss Gossett's appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

9

No. 56172-7-II

_____
CRUSER, A.C.J.

We concur:

_____
MAXA, J.

_____
VELJACIC, J.

10