[No. 66900-7. En Banc.]

Considered November 10, 1998.    Decided December 10, 1998.

THE STATE OF WASHINGTON, *Respondent*, v. JOEL NICHOLS, *Petitioner*.

860

Joel T. Nichols, pro se.

James H. Krider, Prosecuting Attorney, and Breck W. Marsh, Deputy, for respondent.

PER CURIAM — Joel Nichols was convicted of second degree assault and attempted first degree robbery. Using an

expedited *Anders* procedure,[1] the Court of Appeals dismissed the appeal and granted defense counsel's motion to withdraw. We granted review and remanded for reconsideration in light of *State v. Hairston*, 133 Wn.2d 534, 946 P.2d 397 (1997). On remand, the Court of Appeals again affirmed Mr. Nichols' convictions, but remanded to correct a sentencing error. Mr. Nichols contends that the Court of Appeals has still failed to comply with *Anders*. We agree, and therefore grant review and reverse the Court of Appeals.

■ When criminal defense counsel finds the appeal to be wholly frivolous, counsel "should so advise the court and request permission to withdraw." *Anders v. California*, 386 U.S. at 744. That request must be "accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* The defendant must be given a copy of the brief and an opportunity to raise any additional issues he wishes. "[T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Id. See State v. Hairston*, 133 Wn.2d at 540-41.

In its first decision in this case, the Court of Appeals examined only those portions of the record pertinent to the potential issues identified by counsel in the *Anders* brief. In its second review on remand, the Court of Appeals discovered one nonfrivolous issue—the trial court's failure to specify the period of community placement. *See State v. Broadaway*, 133 Wn.2d 118, 135, 942 P.2d 363 (1997). Having identified that issue, the court should not have proceeded with the case as an *Anders* appeal. If an appellate court "concludes that there are nonfrivolous issues to be raised, it must appoint counsel to pursue the appeal and direct that counsel to prepare an advocate's brief before deciding the merits." *McCoy v. Court of Appeals*, 486 U.S. 429, 444, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988); *accord Penson v. Ohio*, 488 U.S. 75, 83, 109 S. Ct. 346, 102 L. Ed.

---

[1]*See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

2d 300 (1988); *Anders v. California,* 386 U.S. at 744. It is not sufficient that the court granted relief on the one issue it found to be meritorious. To the contrary, the court "committed an even more serious error when it failed to appoint new counsel after finding that the record supported . . . modification of his sentence. As a result, petitioner was left without constitutionally adequate representation on appeal." *Penson v. Ohio,* 488 U.S. at 81.

The Court of Appeals decision is reversed. The case is remanded to that court with directions to reappoint counsel to file an advocate's (non-*Anders*) brief on Mr. Nichols' behalf.