IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) ) ) ) | No. 80957-1-I consolidated with No. 82170-9-I |
| STEPHEN P. DOWDNEY, JR., | ) ) ) | |
| Petitioner, | ) ) | UNPUBLISHED OPINION |

VERELLEN, J. — In this personal restraint petition, Stephen Dowdney Jr. challenges this court's dismissal of his direct appeal under the Anders v. California[1] procedure.[2] Because he identifies at least one nonfrivolous issue involving legal financial obligations (LFOs), we reinstate his direct appeal.

FACTS

On June 6, 2016, pursuant to a stipulated bench trial, the court found Dowdney guilty of first degree robbery with a deadly weapon enhancement.[3] At sentencing, the prosecutor noted that Dowdney's DNA[4] had already been collected. Dowdney's judgment and sentence ordered payment of a DNA

---

[1] 368 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967).

[2] State v. Dowdney, No. 75416-5-I, slip op. at 1 (Wash. Ct. App. Oct. 15, 2018) (unpublished), https://www.courts.wa.gov/opinions/pdf/754165.pdf.

[3] Clerk's Papers (CP) at 7-10; Report of Proceedings (RP) (June 6, 2016) at 68-69.

[4] Deoxyribonucleic acid.

collection fee and interest on nonrestitution LFOs. Dowdney timely appealed his judgment and sentence to this court. On appeal, Dowdney's court-appointed attorney filed a motion to withdraw on the ground that he could "find no basis for a good faith argument on review."[5] Neither Dowdney, his counsel, nor the prosecutor referred to any potential LFO issue.[6] This court conducted an independent review and did not recognize the potential LFO issue.[7] In October 2018, this court granted Dowdney's appointed counsel permission to withdraw and dismissed his appeal as "wholly frivolous."[8] Dowdney filed this personal restraint petition.

ANALYSIS

The Anders procedure is designed to safeguard against dismissing a criminal appeal when appointed counsel is under the mistaken belief that the appeal is wholly frivolous.[9] Specifically, Anders provides,

> [Defense counsel's] role as an advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, (1) be accompanied by a brief referring to anything in the record that might arguably support the appeal. (2) A copy of counsel's brief should be furnished to the indigent and (3) time allowed him to raise any points that he chooses; (4) the court—not counsel—then

---

[5] Petitioner's Supp. Br. at App. 66.

[6] Dowdney, No. 75416-5-I, slip op. at 1.

[7] Id.

[8] Id.

[9] Anders, 386 U.S. at 741-42.

proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.[10]

The "critical determination to be made in an Anders situation is whether the appeal 'is indeed so frivolous that counsel should be permitted to withdraw.'"[11]

And in State v. Nichols, our Supreme Court held that where "an appellate court 'concludes that there are nonfrivolous issues to be raised'" the proper remedy is for the court "to appoint counsel to pursue the appeal and direct that counsel to prepare an advocate's brief before deciding the merits. It is not sufficient that the court grant[ ] relief on the one issue it found to be meritorious."[12] If the appellate court mistakenly dismisses a criminal appeal as wholly frivolous the court must vacate the order dismissing the direct appeal and permit the appellant to proceed with a new appeal not limited in scope.[13]

In this PRP, Dowdney contends he was denied a meaningful direct appeal for failure of this court to comply with the Anders procedure, he was denied his right to counsel on appeal, he was denied his constitutional right to proceed pro se on appeal, and this court did not have the complete record of the proceedings. And through counsel appointed to represent Dowdney in his

---

[10] State v. Theobald, 78 Wn.2d 184, 185, 470 P.2d 188 (1970) (alteration in original) (citing Anders, 386 U.S. at 744).

[11] State v. Hairston, 133 Wn.2d 534, 538, 946 P.2d 397 (1997) (citing McCoy v. Court of Appeals, 486 U.S. 429, 442, 108 S. Ct. 1895, 1903, 100 L. Ed. 2d 440 (1988)).

[12] 136 Wn.2d 859, 861-62, 968 P.2d 411 (1998) (quoting McCoy, 486 U.S. 429).

[13] Id. at 862.

PRP, Dowdney argues that his direct appeal presented nonfrivolous issues, including: improper LFO's; failure to charge and to make findings supporting an alleged "through force or fear" element; and violation of his speedy trial right under CrR 3.3 after the prosecutor abusively filed felony charges in district court with no intention of engaging in preliminary matters before refiling in superior court. He contends the resulting delay in starting the speedy trial period has equal protection and due process implications.[14]

Here, there is at least one issue that is not "wholly frivolous." In 2018, prior to this court's order allowing counsel to withdraw pursuant to Anders and dismissing Dowdney's direct appeal, our legislature amended numerous LFO statutes. Relevant here, these amendments prohibit the court from imposing the DNA collection fee "if the offender's DNA has [already] been collected because of a prior conviction" and any interest on nonrestitution LFOs.[15] And in State v. Ramirez, our Supreme Court held that the legislature's 2018 amendments "apply prospectively to defendant's whose cases were pending on direct appeal at the time the amendments were enacted."[16] Inconsistent with Ramirez, Dowdney's judgment and sentence ordered payment of interest on nonrestitution LFOs and payment of the DNA collection fee even though

---

[14] Dowdney also disputes the State's argument that two continuances granted by the trial court are excluded from the speedy trial period and therefore, the trial was timely.

[15] State v. Ramirez, 191 Wn.2d 732, 747, 426 P.3d 714 (2018).

[16] 191 Wn.2d 732, 747, 426 P.3d 714 (2018).

Dowdney's DNA had already been collected.[17]  Dowdney timely appealed his judgment and sentence to this court.  In 2018, this court dismissed Dowdney's appeal as "wholly frivolous" without identifying the nonfrivolous LFO issue.[18]  Because Dowdney's direct appeal was pending before this court when our Supreme Court decided Ramirez, the validity of Dowdney's LFO's is not "wholly frivolous."

The State relies on State v. Wade[19] to argue that on this pending PRP we can directly reach the merits of the LFO issue alone.  But Wade is inapposite.  In Wade, the defendant's appointed counsel withdrew under Anders.[20]  The defendant filed a CrR 7.8 motion in superior court, arguing that his judgment and sentence was facially invalid because it did not set a term for community placement.[21]  The court of appeals ordered the superior court to amend his judgment and sentence.[22]  The defendant then filed a motion to recall the mandate, arguing that under Anders, the appellate court erred in amending his judgment and sentence without granting him a new appeal.[23]  The appellate court held that it had authority to recall the mandate to correct an

---

[17] CP at 383.

[18] Dowdney, No. 75416-5-I, slip op. at 1.

[19] 133 Wn. App. 855, 138 P.3d 168 (2006).

[20] Id. at 862.

[21] Id.

[22] Id. at 863.

[23] Id.

"inadvertent mistake" without reinstating the defendant's appeal.[24]  But unlike Wade, Dowdney was before this court on direct appeal, and the nonfrivolous issue could have been identified by this court at the time it reviewed the Anders motion.[25]  Here, there is no motion to recall the mandate.  Therefore, Wade does not control.

Dowdney's appointed counsel argues that even though a new appeal is compelled and unlimited in scope, this court should apply the standard of review that applies in a direct appeal to the issues presented in the existing briefing and conclude that based upon the numerous issues raised by and on behalf of Dowdney, his conviction should be reversed and the charges dismissed with prejudice.

But as directed in Nichols, the proper remedy here is to reinstate Dowdney's appeal and allow him to proceed in the normal course.  Therefore, we need not address at this juncture on the existing briefing and the existing record the merits of all the various issues mentioned in this PRP.  Consistent with Nichols, he can brief the specific issues he wants to address in his reinstated direct appeal.  And because Dowdney appears to seek to represent himself on his reinstated appeal, he should be provided the opportunity to engage in this court's procedure for that purpose assisted by his current appointed counsel.

---

[24] Id. at 868-69.

[25] Id. at 865.

Because this court's prior opinion dismissing Dowdney's direct appeal was improvidently entered, we grant his petition, recall the mandate in No. 75416-5, vacate the opinion issued October 15, 2018, and reinstate his direct appeal. If he seeks to represent himself in the reinstated appeal, Dowdney's counsel appointed for this PRP shall assist him in complying with the pro se procedure required by this court. Otherwise, counsel shall proceed to represent him in the reinstated direct appeal.

WE CONCUR: